UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

GREG GAMACHE,

                  Plaintiff,

-against-

FEDERAL BUREAU OF INVESTIGATION;
FEDERAL COMMUNICATIONS COMMISSION,

                  Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
11 CV 1648 (ENV)

VITALIANO, United States District Judge.

Plaintiff, a resident of Missouri, filed the instant *pro se* complaint on March 14, 2011. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismisses the complaint for the reasons discussed below.

### Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

Furthermore, as plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89 (2007), and the Court

1

is obliged to construe his pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

## Discussion

Plaintiff's complaint alleges that:

> 15,000 people have called both the FBI and the FCC, for help when others are using electronic weapons on them. Several hundred people from this state. Despite receiving so many calls for help from people, and knowing this is a problem, both organizations have refused to investigate one single incident. The FCC is the only organization in the United States with the equipment needed to locate where the frequencies emitted by these electronic weapons are coming from . . .

Complaint at 2.[1] The complaint goes on to allege that these electronic weapons "operate from a distance, and emit a frequency that injures, permanently damages and kills people . . . The frequencies they emit travel through walls and buildings and still effect people, and have a very broad diameter." Complaint at 2.

Plaintiff seeks "[a] court order for the FBI and the FCC to co-investigate these matters whenever they are reported across the entire United States. For the FBI to establish a phone number for victims of electronic weapons, a phone number at one field office of the FBI only . . ." Complaint at 3. Moreover, plaintiff requests that "the FCC [] send an employee to the location of the victim when these incidents are reported, with the equipment they have that detects frequencies and locates where they are coming from, and for the information they gain to be handed to the FBI for enforcement." Complaint at 3.

Plaintiff's complaint is premised upon unsubstantiated allegations that appear to be farfetched at best. Moreover, other than these conclusory allegations, plaintiff fails to allege any facts to support an inference that the FBI or FCC are responsible for any of the alleged injuries.

---

[1] The Court has paginated plaintiff's complaint for ease of reference.

2

Given the claim that the alleged failures of defendants to take the desired actions have had an across-the-board impact, there is not a hint that any such failure was motivated by plaintiff's membership in a constitutionally protected class. Where across-the-board shortcomings of federal agencies are alleged, resolution of such claims are for the legislative and executive branches, not the judiciary.

## Conclusion

Accordingly, having no basis in any legal theory of merit, plaintiff's complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.


Dated: Brooklyn, New York
April 7, 2011

/S/
_____
ERIC N. VITALIANO
United States District Judge